FILED
2017 Aug-17 PM 02:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

JOHNNY LAWSON,

Plaintiff,

v.

FEDERAL INSURANCE COMPANY, "CHUBB GROUP OF INSURANCE COMPANIES," BROADSPIRE SERVICES, INC., and AFFINION GROUP, LLC,

Defendants.

Civil Action No. 4:17-cv-01387-SGC

(Formerly Marshall County, Alabama Civil Action No. 2017-900276.00)

DEFENDANTS' **AMENDED** NOTICE OF REMOVAL

Defendants Federal Insurance Company, "Chubb Group of Insurance Companies" (which is not a legal entity), Broadspire Services, Inc., Affinion Group, LLC, and to the extent (if any) that it may be a Defendant, Affinion Benefits Group, LLC, file this amended notice of removal of this action from the Circuit Court of Marshall County, Alabama, to the United States District Court for the Northern District of Alabama, Middle Division, under 28 U.S.C. §§ 1332, 1441, and 1446.[1] This amended notice of removal is based on the following:

1. Plaintiff Johnny Lawson, a/k/a Johnnie R. Lawson, filed this action in the Circuit Court of Marshall County, Alabama on July 18, 2017.

2. **This amended notice of removal is filed 30 days from the date Plaintiff filed suit, and less than 30 days since the Defendants were served with Plaintiff's complaint and summonses. Plaintiff served the complaint and summonses by certified mail, and each Defendant received the complaint and summons on or after July 19, 2017.** [Defendants deny

[1] This amended notice only changes ¶¶ 2, 16, and 20 of the notice as originally filed. The changes in or additions to ¶¶ 2, 16, and 20 **are highlighted in bold print.**

that service of process can be had on "Chubb Group of Insurance Companies" and deny that Plaintiff's purported service on "Chubb Group of Insurance Companies" is sufficient.] This **amended** notice is therefore timely filed. See 28 U.S.C. § 1446(b)**(1); Diebel v. S.B. Trucking Co., 262 F. Supp. 2d 1319, 1331 n.52 (M.D. Fla. 2003) ("The case law is clear that a Notice of Removal may be amended freely…within the statutory period of thirty days from service of the complaint.").**

3. Copies of all process, pleadings, and orders served on the Defendants are included in the attached Exhibit A.

4. The Defendants have not answered or otherwise responded to the Plaintiff's complaint in state court.

5. Plaintiff Lawson is now, was at the time this suit was filed, and was at all times intervening, a citizen of Alabama.

6. Defendant Federal Insurance Company ("Federal") is now, was at the time this suit was filed, and was at all times intervening, a corporation incorporated in Indiana, having its principal place of business in Whitehouse Station, New Jersey. Therefore, Federal is now and was at all such times a citizen of Indiana and New Jersey. See 28 U.S.C. § 1332(c)(1).

7. Defendant "Chubb Group of Insurance Companies" is not a legal entity, has no citizenship, and should be disregarded for purposes of determining diversity of citizenship. See Davis v. OneBeacon Ins. Group, 721 F. Supp. 2d 329, 337 (D.N.J. 2010) ("[T]he citizenship of [a] non-existent entity [is not] considered for purposes of complete diversity of citizenship.") (internal quotation marks omitted). There is no person, firm, corporation, partnership, or other business or legal entity known as "Chubb Group of Insurance Companies" (see affidavit of David McCreary, attached as Exhibit B, at ¶ 2). "Chubb Group of Insurance Companies" is merely a phrase used to

describe separately incorporated and separately capitalized insurance companies under common ownership, including Federal (id.). "Chubb Group of Insurance Companies" did not issue the insurance policy made the basis of the Plaintiff's complaint; rather, Federal issued the policy and is the only insurer thereunder (id. at ¶ 4 & ex. 1 [Federal policy]). A notice included in the policy states that "Chubb Group of Insurance Companies…is the marketing name used to refer to certain subsidiaries of The Chubb Corporation," including Federal and nine other companies (id., ex. 1, p. 46 [as numbered in Federal policy]).

8. Courts have recognized that "Chubb Group of Insurance Companies" is not a legal entity subject to suit. In Pincus v. Chubb Group of Insurance Cos., 2009 WL 839096 (E.D. Pa. March 27, 2009), the court stated: "Pincus also names 'Chubb Group of Insurance Companies' as a defendant. However,…'Chubb Group of Insurance Companies' is merely a descriptive phrase that refers to several separate companies under common ownership; it is not an entity or insurance company itself." Id. at *1 n.1. Similarly, in E.P. Bender Coal Co. v. Chubb Group of Insurance Cos., 2006 WL 2547045 (W.D. Pa. Sept. 1, 2006), the court stated:

> Although the case heading references "Chubb Group of Insurance Companies" as a party, Defendant has noted that "[a]ll of the insurance policies involved in this case were issued by Federal Insurance Company (hereinafter 'Federal'). Chubb Group of Insurance Companies is not a person, firm or corporation, and there is no entity or corporation known as Chubb Group of Insurance Companies which is located or incorporated in any state. Therefore, Chubb Group of Insurance Companies is not a proper defendant in this case and this Motion will only refer to Federal.["]… This opinion, when referring to Defendants, only refers to Federal.

Id. at *1 n.2. Likewise, in Schwartz v. CNA Insurance Co., 2005 WL 3088570 (N.D. Ohio Nov. 17, 2005), the court recognized that "Chubb Group of Insurance Companies" is not a person, firm, or corporation "but rather [a] trade name[] or phrase[] used to describe a group of separately incorporated and capitalized insurance companies which have common ownership," and that



PD.22098944.1

"Chubb Group of Insurance Companies" was an "improper entit[y] to bring suit against[.]" Id. at *2, 4.

9. Fed. R. Civ. P. 17(b)(3) states that for parties other than individuals or corporations, and subject to exceptions not here applicable, capacity to be sued is determined "by the law of the state where the court is located." Under Alabama law, a plaintiff cannot sue a name or thing that is not a legal entity. See Raley v. Main, 987 So. 2d 569, 572 (Ala. 2007) ("although the Fund was named as a defendant…, it is not a legal entity subject to suit"); King v. Colbert County, 620 So. 2d 623, 626 (Ala. 1993) ("King's complaint named the 'Colbert County Sheriff's Department' as a defendant. The Colbert County Sheriff's Department is not a legal entity. Therefore, one cannot maintain an action against it.").

10. In Commercial Union Insurance Co. v. SEPCO Corp., 300 F. Supp. 2d 1198 (N.D. Ala. 2004), Judge Guin addressed a complaint against "CNA," a name that, like "Chubb Group of Insurance Companies," was used to describe a group of insurance companies. Judge Guin stated:

> Third-party defendants note that "CNA" has been incorrectly sued. "CNA" is not a legal entity capable of suing or being sued. It is a trade name used by a related group of independent companies, two of which are Continental Casualty Company and Transportation Insurance Company. Continental Casualty Company issued excess liability insurance policies to Sepco and Flurocarbon. Transportation Insurance Company issued primary liability insurance policies to Fluorocarbon. "CNA" did not issue any insurance policies to either Sepco or Fluorocarbon.

Id. at 1202 n.7 (emphasis added). See also Davis v. OneBeacon Ins. Group, 721 F. Supp. 2d 329, 336-37 (D.N.J. 2010) (finding that "OneBeacon Insurance Group" was a "non-existent entity," based on evidence that OneBeacon was merely "a trade name for a group of affiliated companies").

11. Because "Chubb Group of Insurance Companies" is not a legal entity and has no capacity to be sued, the Court can disregard "Chubb Group of Insurance Companies" in

determining diversity of citizenship. See Schwartz, 2005 WL 3088570, *2, 4 (disregarding "Chubb Group of Insurance Companies," and looking instead to citizenship of insurance company that actually issued the policy in question, in determining diversity); Davis, 721 F. Supp. 2d at 336-37 (since "OneBeacon Insurance Group" was a "non-existent entity," court's removal jurisdiction did "not depend upon OneBeacon's participation, consent, or citizenship"); Taylor v. Piggly Wiggly of Bay Minette, Ala., 2012 WL 3555576, *3 (S.D. Ala. Aug. 16, 2012) (denying remand, stating that "the naming of a nonexistent entity cannot destroy diversity"); Lurie v. Konica Minolta Bus. Solutions U.S.A., 2016 WL 1408056, *2 (C.D. Cal. Apr. 11, 2016) ("Defendant Konica Minolta Business Solutions is a non-existent corporate entity. Therefore, the Court disregards this fictitious entity in determining diversity."); Holden v. Illinois Tool Works, Inc., 2008 WL 4937597, *2-3 (S.D. Tex. Nov. 17, 2008) ("Because Valeron is not an entity capable of being sued or served, its alleged Texas citizenship is to be disregarded in determining diversity jurisdiction."), aff'd, 429 Fed. Appx. 448 (5th Cir. 2011); Traber v. Bank of Am., 2014 WL 903173, *2 (W.D.N.C. Mar. 7, 2014) ("As a non-existent entity, this defendant could not be properly joined or served in this case nor could it properly join or consent for removal."); Melendez v. Colorite Plastics Co., 2015 WL 6745841, *5 (D.N.J. Oct. 19, 2015) ("Because there is undisputed evidence…that Colorite is not a legal entity,…Colorite's alleged New Jersey citizenship may not be considered for subject matter jurisdiction purposes."), report and recommendation adopted, 2015 WL 6755277 (D.N.J. Nov. 4, 2015); Newsom v. Caliber Auto Transfer of St. Louis, Inc., 2009 WL 4506298, *2 (S.D. Ill. Nov. 26, 2009) ("a defendant that is a non-existent business entity is not required to join in or consent to the removal of a case, nor is the citizenship of the non-existent entity considered for purposes of complete diversity of citizenship").

12. In addition or alternatively, "Chubb Group of Insurance Companies" can be disregarded because it was fraudulently joined. A defendant is considered fraudulently joined "when there is no possibility that the plaintiff can prove a cause of action against" the defendant. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). "[I]f fraudulent joinder is established, then the [fraudulently joined] defendant is subject to dismissal as a party and its citizenship is disregarded for diversity requirement purposes." Brown v. State Farm Fire & Cas. Co., 2017 WL 492992, *4 (N.D. Ala. Feb. 7, 2017) (Hopkins, J.). Because "Chubb Group of Insurance Companies" is not a legal entity and lacks capacity to be sued, there is no possibility that the Plaintiff can prove a cause of action against "Chubb Group of Insurance Companies." See Taylor v. Piggly Wiggly of Bay Minette, Ala., 2012 WL 3555576, *3 (S.D. Ala. Aug. 16, 2012) (denying remand, finding that there was "plainly no possibility the plaintiffs can establish a cause of action against a defendant that…[was] a nonexistent entity"); Weinstein v. Conoco Phillips, 2014 WL 868918, *1-2 (W.D. La. March 5, 2014) (denying remand, finding that plaintiff had "no reasonable basis for recovery against [a defendant]…who not only has no corporate existence, but has no existence of any kind"); Talkington v. New York Life Ins. & Annuity Corp., 2017 WL 782502, *1-2 (W.D. Okla. Feb. 28, 2017) (finding fraudulent joinder of defendant that was "a legal non-entity" which "could not face suit"). Furthermore, while "a legal entity, an artificial person,…act[s] through agents," Townsend Ford, Inc. v. Auto-Owners Ins. Co., 656 So. 2d 360, 363 (Ala. 1995), "Chubb Group of Insurance Companies," being a mere descriptive phrase and not a legal entity, had no agents who could have entered into or breached any contract or committed any of the torts alleged in Plaintiff's complaint. See Dixie Drive It Yourself Sys. v. Lewis, 50 S.E.2d 843, 844 (Ga. Ct. App. 1948) ("A nonexistent legal entity can have no agent."); Fish v. Tandy Corp., 948 S.W.2d 886, 897 (Tex. Ct. App. 1997) ("A nonexistent corporation can have no

agent."); cf. Huntsville Golf Dev., Inc. v. Estate of Robert Brindley, 2016 WL 7325710, *1 (N.D. Ala. Dec. 16, 2016) (Haikala, J.) (noting that court had dismissed claims against alleged partnership "because the partnership did not exist during" the relevant time and thus "could not have committed fraud"). Hence, "Chubb Group of Insurance Companies" cannot be liable under any count of the complaint. Therefore, "Chubb Group of Insurance Companies" is fraudulently joined, and the Court can disregard "Chubb Group of Insurance Companies" in determining diversity.

13. Plaintiff's complaint names "Broadspire" as a Defendant (Exhibit A at 3, ¶ 5). The full, correct name of "Broadspire" is Broadspire Services, Inc. (see affidavit of Carlos E. Brown, attached as Exhibit C, at ¶¶ 2 & 3). Broadspire Services, Inc. is now, was at the time this suit was filed, and was at all times intervening, a corporation incorporated in Delaware, having its principal place of business in Atlanta, Georgia. Therefore, Broadspire Services, Inc. is now and was at all such times a citizen of Delaware and Georgia.

14. Unlike Plaintiff's complaint, Plaintiff's summons names "Broadspiro [*sic*] by Crawford & Company," rather than "Broadspire," as the Defendant (see Exhibit A at 19). There is no person, firm, corporation, partnership, or other business or legal entity known as "Broadspiro by Crawford & Company," or "Broadspire by Crawford & Company" (Brown affidavit [Exhibit C] at ¶ 4). Rather, Broadspire Services, Inc. is a wholly owned subsidiary of Crawford & Company (id.), and "Broadspire by Crawford & Company" is merely a trade name used for Broadspire Services, Inc.'s international business (id.).

15. Under both Alabama and federal law, "Broadspiro [or Broadspire] by Crawford & Company" is not a Defendant in this case merely by virtue of being named in a summons, where the caption of the complaint does not identify "Broadspiro [or Broadspire] by Crawford &

Company" as a Defendant and where the complaint does not contain any other reference to or allegation against "Broadspiro [or Broadspire] by Crawford & Company." See Ala. R. Civ. P. 10(a) ("[i]n the complaint the title of the action shall include the names of all the parties"); Fed. R. Civ. P. 10(a) ("[t]he title of the complaint must name all the parties"); Cofield v. McDonald's Corp., 514 So. 2d 953, 953-54 (Ala. 1987) (because "McDonald's CLP Corporation" and "McDonald's Restaurant of Bessemer, Alabama" were not named in complaint as required by Rule 10(a), they were not defendants); Blasingim v. Hill, 2008 WL 11320088, *2 (N.D. Ga. Sept. 8, 2008) ("if the caption of the complaint fails to identify an individual or entity as a party, that individual or entity is not a defendant in the lawsuit"), report and recommendation adopted, 2008 WL 11320126 (N.D. Ga. Oct. 14, 2008); Dalisay v. Corbin Consulting Eng'rs, Inc., 2008 WL 1840750, *1 n.2 (D. Ore. April 22, 2008) ("The summonses to each corporate defendant list not only the corporate defendant, but several individuals as well. Those individuals are not named in the caption of the complaint, and are thus not parties to this suit."), aff'd, 303 Fed. Appx. 423 (9th Cir. 2008); Allen v. City of Louisville, 2007 WL 4181324, *4 (W.D. Ky. Nov. 26, 2007) ("[T]he persons named in the summonses were not named in the caption of the complaint as defendants, and therefore they are not parties to this action."). Furthermore, even if "Broadspiro [or Broadspire] by Crawford & Company" was a Defendant (which it is not), the Court would have to disregard "Broadspiro [or Broadspire] by Crawford & Company" in determining diversity, because there is no such legal entity. See authorities cited in ¶¶ 7 & 9-11 above. In addition or alternatively, the Court would have to disregard "Broadspiro [or Broadspire] by Crawford & Company" as fraudulently joined because, not being a legal, suable entity, and not having any agents who could have entered into or breached any contract or committed any of the torts alleged in Plaintiff's complaint, and not being named in or the subject of any allegations of the complaint,

there would be no possibility that the Plaintiff could prove a cause of action against "Broadspiro [or Broadspire] by Crawford & Company." See authorities cited in ¶ 12 above.

16. Crawford & Company is not a Defendant in this case merely by virtue of Plaintiff's summons naming "Broadspiro [*sic*] by Crawford & Company" as the Defendant, where the caption of Plaintiff's complaint does not identify Crawford & Company as a Defendant and where the complaint does not contain any other reference to or allegation against Crawford & Company. See authorities cited in ¶ 15 above. Furthermore, even if Crawford & Company was a Defendant (which it is not), Crawford & Company's citizenship is diverse from the Plaintiff's, because Crawford & Company is now, was at the time this suit was filed, and was at all times intervening, a corporation incorporated in Georgia and having its principal place of business in Atlanta, Georgia. **Crawford & Company therefore is now and was at all such times a citizen of Georgia.** Furthermore, Crawford & Company has, out of an extreme abundance of caution, consented to the Defendants' removing this case to this Court (see attached Exhibit D).

17. Defendant Affinion Group, LLC is now, was at the time this suit was filed, and was at all times intervening, a limited-liability company whose sole member is now and was at all such times Affinion Group, Inc. Affinion Group, Inc. is now and was at all such times a corporation incorporated in Delaware, having its principal place of business in Stamford, Connecticut. Therefore, Affinion Group, LLC is now and was at all such times a citizen of Delaware and Connecticut. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) ("a limited liability company is a citizen of any state of which a member of the company is a citizen").

18. Unlike Plaintiff's complaint, Plaintiff's summons names Affinion *Benefits* Group, LLC, rather than Affinion Group, LLC, as the Defendant (Exhibit A at 2, ¶ 4). Affinion Benefits

Group, LLC, and not Affinion Group, LLC, was the actual administrator of the group-insurance plan out of which Plaintiff's claims arise (see affidavit of Jennifer Russell Head, attached hereto as Exhibit E, at ¶ 2). To the extent, if any, that Affinion Benefits Group, LLC is actually a Defendant in this case, its citizenship is diverse from the Plaintiff's, because Affinion Benefits Group, LLC is now, was at the time this suit was filed, and was at all times intervening, a limited-liability company whose sole member is now and was at all such times Affinion Group, LLC. As stated above, Affinion Group, LLC is now and was at all such times a limited-liability company whose sole member is now and was at all such times Affinion Group, Inc., and Affinion Group, Inc. is now and was at all such times a corporation incorporated in Delaware, having its principal place of business in Stamford, Connecticut. Therefore, Affinion Group, LLC is now and was at all such times a citizen of Delaware and Connecticut, and Affinion Benefits Group, LLC also is now and was at all such times a citizen of Delaware and Connecticut.

19. Plaintiff's complaint refers to "Affinion Group, LLC, (hereafter referred to as 'Affinion'), d/b/a, Service Credit Union," as a Defendant (Exhibit A at 2, ¶ 4) (emphasis added). In fact, Affinion Group, LLC has never done business under the name "Service Credit Union," nor has Affinion Benefits Group, LLC or Affinion Group, Inc. (Head aff. [Exhibit E] at ¶ 4). In any event, Plaintiff has not sued Service Credit Union, because the complaint refers to Service Credit Union as a "d/b/a" name allegedly used by Affinion Group, LLC, and not as a Defendant in its own right, separate and independent from Affinion Group, LLC. See Cohen, Seglias, Greenhall, Pallas, & Furman, P.C. v. Hessert Constr.–PA, LLC, 2011 WL 382571, *10 (E.D. Pa. Feb. 4, 2011) (plaintiff "did not file suit against Hessert Construction Group; rather, it avers that Defendants do business under the name 'Hessert Construction Group,'" so "Hessert Construction

Group is not a named party, but is only an alleged alias for Defendants").[2] Plaintiff also did not file any summons addressed to Service Credit Union. Therefore, Service Credit Union is not a Defendant, its citizenship is irrelevant, and it does not have to join in or consent to removal.

20. Even if Service Credit Union was a Defendant (which it is not), its citizenship would be diverse from the Plaintiff's. Service Credit Union is now, was at the time this suit was filed, and was at all times intervening, a corporation **incorporated and** chartered under the laws of the state of New Hampshire, with its principal place of business in Portsmouth, New Hampshire. Service Credit Union is therefore a citizen of New Hampshire. Furthermore, Service Credit Union would not have to join in or consent to removal, because the Plaintiff filed no summons for Service Credit Union, and Service Credit Union has not been served with process. See Johnson v. Wellborn, 418 Fed. Appx. 809, 815 (11th Cir. 2011) ("The requirement that there be unanimity of consent in removal cases with multiple defendants does not require consent of defendants who have not been properly served."); McArthur v. Wong, 2007 WL 4570327, *1 n.3 (S.D. Ala. Dec. 20, 2007) ("[defendant] had not been served at the time that this action was removed, so it was unnecessary for him to join in the removal").

21. The complaint also names "Fictitious Defendants, A, B, and C" as Defendants (Exhibit A at 3, ¶ 6). Section 1441(b)(1) of Title 28, U.S.C., provides that "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."

---

[2] The caption of the complaint refers to "SERVICE CREDIT UNION d/b/a, AFFINION GROUP, LLC," while ¶ 4 of the complaint refers to "[t[he defendant, Affinion Group, LLC, (hereafter referred to as 'Affinion), d/b/a, Service Credit Union," and avers that "Defendant Affinion…issued the Accidental Loss of Life and Dismemberment policies to the Plaintiff and Patsy O. Lawson, while doing business as Service Credit Union" (Ex. A at 2, caption & ¶ 4). Paragraph 4 thus makes clear that the Plaintiff is suing Affinion d/b/a Service Credit Union, and not Service Credit Union d/b/a Affinion.

22. Plaintiff's complaint demands damages of $350,000 allegedly due under a policy of insurance, plus damages for emotional distress and punitive damages. Therefore, the amount in controversy exceeds the sum of $75,000, excluding interest and costs.

23. The Court has jurisdiction of this action under 28 U.S.C. § 1332(a)(1), based on the amount in controversy exceeding $75,000 and diversity of citizenship between, on the one hand, Plaintiff Lawson, a citizen of Alabama, and on the other hand, Defendants Federal Insurance Company, Broadspire Services, Inc., Affinion Group, LLC, and to the extent that it may be a Defendant, Affinion Benefits Group, LLC, who are all citizens of states other than Alabama. Any others named in the complaint or a summons are to be disregarded because they are non-entities and/or have been fraudulently joined ("Chubb Group of Insurance Companies" and "Broadspiro [or Broadspire] by Crawford & Company"), and/or because they are not Defendants in the case ("Broadspiro [or Broadspire] by Crawford & Company," Crawford & Company [whose citizenship is diverse in any event], and Service Credit Union [whose citizenship is also diverse in any event]).

24. The Defendants will promptly, upon the filing of this amended notice of removal, give written notice thereof to the Plaintiff and will file a copy of the notice with the Clerk of the Circuit Court of Marshall County, Alabama.

*s/ William E. Shreve, Jr.*
COOPER C. THURBER (asb-4686-u83c)
WILLIAM E. SHREVE, JR (asb-3946-v83w)
Attorneys for Federal Insurance Company, "Chubb Group of Insurance Companies," Broadspire Services, Inc., Affinion Group, LLC, and Affinion Benefits Group, LLC

OF COUNSEL:

PHELPS DUNBAR, LLP
Post Office Box 2727
Mobile, Alabama 36652
(251) 432-4481
cooper.thurber@phelps.com
william.shreve@phelps.com

CERTIFICATE OF SERVICE

I do hereby certify that I have on August 17, 2017 electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve notice on Allen G. Jolley, Esquire, and that I have also served a copy on the following by email and by United States First Class Mail, postage prepaid:

James R. Berry, Esquire
Allen G. Jolley, Esquire
Berry & Associates, LLC
P. O. Box 1815
Albertville, AL 35950-0030
allenjolley@gmail.com
berryandassociates@gmail.com

*s/William E. Shreve, Jr.*
WILLIAM E. SHREVE, JR.