# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA, MIDDLE DIVISION

## CIVIL ACTION NUMBER: 4:17-CV-01387-SGC

**JOHNNY LAWSON,**

                    **PLAINTIFF**

**VS.**

**FEDERAL INSURANCE COMPANY; AFFINION BENEFITS GROUP, LLC; and BROADSPIRE;**

                    **DEFENDANTS.**

## FIRST AMENDED COMPLAINT

COMES now the plaintiff, Johnny Lawson, and submit this Complaint against defendants as follows:

### STATEMENT OF THE PARTIES

1. The plaintiff, Johnny Lawson, is an adult resident citizen of Marshall County, Alabama.

2. The defendant, Federal Insurance Company (hereinafter referred to as "Federal") is a corporation licensed to do business in the State of Alabama and is doing business in Marshall County, Alabama. Defendant, Federal, is engaged in the issuance of Accidental loss of life and Dismemberment insurance policies and assumed responsibility and liability for the subject policies on December 1, 2014.

3. The defendant, Affinion Benefits Group, LLC, (hereinafter referred to as "Affinion"), is licensed to do business in the State of Alabama and is doing business in Marshall County, Alabama. Defendant Affinion holds and administers the Plaintiff and the Plaintiff's deceased spouse, Patsy O. Lawson's Accidental Loss of Life and Dismemberment policies.

4. The defendant, Broadspire, is a corporation licensed to do business in the State of Alabama and is doing business in Marshall County, Alabama. Defendant, Broadspire is engaged in processing claims submitted by the Plaintiff, on behalf of Affinion and Federal.

### STATEMENT OF FACTS

5. Before May 19, 2015, the defendant Federal entered into a contract for two policies of insurance, insuring the plaintiff and his wife against accidental death and dismemberment.

Policy number 9907-63-64 was issued to both Johnny Lawson and Patsy O. Lawson. The Federal policy was in force on May 19, 2015. The defendants, through its agent, unknown at this time, represented to the plaintiff and his wife, Patsy O. Lawson that the insurance policies were the best policies offered by Federal and that it would cover any loss of life caused by an accident and that all claims would be promptly paid. The plaintiff and his wife made timely, quarterly payments of the required premium for approximately 17 years.

6. On or about May 19, 2015, the plaintiff's wife, Patsy O. Lawson died from an accidental death.

7. The plaintiff gave timely notice to the defendants of the loss under the policies of insurance and made a claim for all the benefits provided by the two policies; 100% of the face value for the policy that insured Patsy Lawson and 60% of the benefit for the policy that insured the plaintiff's loss of his spouse.

8. The defendants have refused to pay the claim; first denying the claim in a letter dated January 14, 2016.

9. Defendants entered into a pattern or practice of fraudulent conduct, which included the fraud practiced on the plaintiff. Patsy O. Lawson was insured by two other accidental death policies with very similar exclusions. Both paid his claim after investigating.

10. The conduct by defendants was intentional, gross, wanton, malicious, or oppressive.

## COUNT ONE
## BREACH OF CONTRACT

11. Plaintiff realleges all prior paragraphs of the Complaint as if fully set forth herein.

12. Before May 19, 2015, the defendant Federal assumed liability and issued policies of insurance, which insured the plaintiff and his wife's life against accidental death and other perils. The policies were in full force and effect on May 19, 2015, and provided, among other things, that in the event of an accidental death, the defendants would pay the beneficiary of the policies.

13. On May 19, 2015, plaintiff's wife, Patsy O. Lawson, died an accidental death.

14. The plaintiff gave the defendants Federal, through their plan administrator, Affinion timely notice of the loss and made a claim for benefits under the terms of each policy.

15. The parties to the contract were the Lawsons, as insured, Federal as insurer and Affinion as administrator. The Plaintiff and his late wife, maintained regular payments of premiums and never allowed the policies to lapse. When Patsy Lawson died and Johnny Lawson made a claim, the defendants Federal and Affinion breached the contract by not paying the policy

values as required by contract, for an accidental loss of life.

16. Defendants Broadspire, have denied the claim, a non-delegable duty, based on a questionable prescription drug exclusion, written by Defendant Federal. Federal and Affinion have not paid the policy and thus have breached the contract for a promise to pay in the event of an accidental death; which has occurred.

17. As a result of defendants' breach, as aforesaid, the plaintiff was caused to suffer great financial hardship and great emotional distress.

WHEREFORE, plaintiff demands judgment, for breach of contract, against defendants in an amount of $250,000.00, the face value of the policy that insured the life of Patsy O. Lawson; $150,000.00, which is 60% of the face value of the policy insuring the life of Johnny Lawson or spouse for which a claim was also made; interest; and punitive damages as a jury deems reasonable and may award, and costs.

## COUNT TWO
## BAD FAITH

18. Plaintiff realleges all prior paragraphs of the Complaint as if fully set forth herein.

19. After the plaintiff made a claim under the policies, the defendants intentionally refused to pay the plaintiffs claim and denied the claim without lawful justification. Two other insurance policies paid the claim even though they have very similar prescription drug exclusions.

20. The defendants' failure and refusal to pay the valid claim was not based on any reasonable, legitimate, arguable, or debatable reason.

21. The defendants knew there was no legitimate, arguable, or debatable, reason for denying the claim.

22. The defendants failed to reasonably investigate the plaintiff's claim. The Defendant, Federal and Affinion had a non-delegable duty to investigate; which they did not do. Defendant, Broadspire could have found that Patsy Lawson was taking her medication as prescribed, had they investigated the claim as the two other insurance companies, with similar exclusions had done.

23. The defendants acted in bad faith when they refused to pay the plaintiff's claim.

24. The plaintiff claim punitive damages of the defendants.

WHEREFORE, plaintiff demands judgment against defendants for breach of contract and bad faith failure and refusal to pay, for compensatory and punitive damages, plus interest, in an amount to be assessed by the jury, and costs.

## COUNT THREE
## FRAUD

25. Plaintiffs reallege all prior paragraphs of the Complaint as if fully set forth herein.

26. The defendants willfully and recklessly misrepresented to the plaintiff that any accidental loss of life would be covered under the policies, and intended for the plaintiff to rely upon the misrepresentations; *to which the plaintiff did rely to his detriment*. The defendants knew there were exclusions that greatly limited an insured's ability to make a successful claim. The defendants' policies, through a pattern or practice of willful deceit, contain exclusions that the defendants alone have applied to all claims, including the plaintiff's claim, which are so exclusive as to unjustly enrich the defendants while willfully, recklessly and deceitfully defrauding the insured and the beneficiaries, including the plaintiff and his wife, Patsy O. Lawson.

27. The misrepresentations and action of the defendants toward the plaintiff was a fraud by willful and reckless misrepresentations and deceitful conduct and known by the defendants to be willful and reckless misrepresentations and deceitful conduct.

28. The willful, reckless and deceitful frauds committed by the defendants upon the plaintiff caused the plaintiff loss of promised benefits under the policies and emotional distress.

29. The plaintiffs claim punitive damages of the defendants.

WHEREFORE, plaintiff demands judgment against defendants for fraud for compensatory and punitive damages, plus interest, in an amount to be assessed by the jury, and costs.

## COUNT FOUR
## CONSPIRACY TO COMMIT FRAUD

30. Plaintiffs reallege all prior paragraphs of the Complaint as if fully set forth herein.

31. The Defendants Federal, Affinion and Broadspire conspired to defraud the Plaintiff of nearly 20 years of premium payments by deciding to not pay the benefits of the policies because of the amount of payout ($400,000), rather than conducting an investigation and finding that the Plaintiff was due the contract amount as two other policies had paid. The Defendants decided to deny the claim before an investigation was conducted. Plaintiff avers that discovery and internal documents would support this claim.

32. The actions of the defendants toward the plaintiff were fraudulent in concealing material facts about the claims process and outright misrepresenting their actions.

33. The willful misrepresentation and fraud by concealment committed by the defendants upon

the plaintiff caused the plaintiff loss of promised benefits under the policies and emotional distress.

34. The plaintiffs claim punitive damages of the defendants.

WHEREFORE, plaintiffs demands judgment against defendants for compensatory and punitive damages, plus interest, in an amount to be assessed by the jury, and costs.

## COUNT FIVE
## WILLFUL AND WANTON

35. Plaintiff realleges all prior paragraphs of the Complaint as fully set forth herein.

36. At all times material hereto, defendants engaged in willful and wanton conduct with regard to the handling of plaintiffs' claim for benefits under the subject insurance policies.

37. As a proximate consequence of the wrongful acts of the defendants, the plaintiff lost the above insurance benefits and suffered extreme emotional and mental anguish and physical illness.

WHEREFORE, plaintiff demands judgment against defendants in such an amount of compensatory and punitive damages as the jury deems reasonable.

## COUNT SIX
## NEGLIGENCE

38. Plaintiff realleges all prior paragraphs of the Complaint as if fully set forth herein.

39. The defendants had a legal duty to exercise reasonable care in handling the plaintiff's claim for benefits under the subject policies. Defendants acted negligently and breached their duty by failing or refusing to exercise reasonable care in handling the plaintiff's claim for benefits under the subject policies.

40. The negligent actions of the defendants combined and concurred to directly and proximately cause the plaintiff to lose the above insurance benefits and suffer extreme emotional distress, mental anguish, and physical illness.

WHEREFORE, plaintiff claims damages against defendants for compensatory and punitive damages for such sums as the jury deems just under the circumstances.

BERRY & ASSOCIATES
Attorneys for Plaintiff

By: _____
James R. Berry (BER016)


_____
Allen Jolley (JOL007)

Of Counsel:

P. O. Box 1815
Albertville, Alabama  35950
Telephone: 256-878-8500
Fax: 256-878-8535
Email: allenjolley@gmail.com
         berryandassociates@gmail.com


Plaintiff demands a trial by struck jury of all the issues in this cause.

_____
JAMES BERRY

_____
ALLEN JOLLEY