## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

JOHNNY LAWSON,          )
                            )
       Plaintiff,        )
                            )
v.                        )    Case No.:  4:17-cv-01387-SGC
                            )
FEDERAL INSURANCE COMPANY,  )
et al.,                   )
                            )
       Defendants.     )

## <u>MEMORANDUM OPINION</u>

This matter concerns a dispute over entitlement to the proceeds of a life insurance policy.  The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  (Doc. 19).  Presently pending is the defendants' March 28, 2018 motion to dismiss, to which the plaintiff has not responded.  (Doc. 22).  For the reasons that follow, the motion to dismiss is due to be granted in its entirety.

## I.    PROCEDURAL HISTORY

The plaintiff, Johnny Lawson, originally filed this matter in the Circuit Court of Marshall County, Alabama.  (Doc. 1-1 at 2).  The Complaint named four defendants and several fictitious parties.  (*Id.*).  The case was subsequently removed to this court on the basis of federal diversity jurisdiction.  (Doc. 1).  Following removal, the defendants filed a motion to dismiss all of the claims

asserted. (Doc. 4). In response to the motion to dismiss, the plaintiff noted the complaint was drafted under the *Alabama Rules of Civil Procedure* and filed in state court; he moved to file an amended complaint in light of the removal to federal court. (Doc. 13; *see* Doc. 17). On March 23, 2018, the court granted the plaintiff's motion to amend and denied without prejudice the defendants' motion to dismiss in light of the Amended Complaint. (Doc. 21).

The Amended Complaint names three defendants: (1) Federal Insurance Company; (2) Broadspire;[1] and (3) Affinion Benefits Group, LLC. (Doc. 17). On March 23, 2018, the defendants filed the instant motion to dismiss, seeking dismissal of all claims asserted. (Doc. 22). The Initial Order governing this case requires that briefs in opposition to non-summary judgment motions are due within fourteen (14) calendar days after the motion is filed. (Doc. 20 at 5). The plaintiff has not responded to the motion to dismiss.

## II.    STANDARD OF REVIEW

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8 "does not require 'detailed factual

---

[1] Broadspire's full legal name is "Broadspire Services, Inc." (Doc. 23 at 3).

allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (internal quotation marks omitted).

To survive a motion to dismiss for failure to state a claim on which relief may be granted brought pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (*quoting Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (quotation marks omitted).

As noted by other courts sitting in this district, a motion to dismiss is not automatically granted where a plaintiff fails to file a brief in opposition. *Gadson v. Ala. Dep't of Corr.*, No. 13-0105-VEH, 2013 WL 5230241, at *2 (N.D. Ala.

*entered* Sept. 17, 2013). Rather, the movant still bears the initial burden of demonstrating entitlement to dismissal under Rule 12(b)(6). *Id.* In circumstances where a plaintiff fails to file an opposition to a motion to dismiss, courts sitting in this district have held the following legal standard applies:

> [T]he Court will review the merits of the movant's position and, if it is clearly incorrect or inadequate to satisfy the movant's initial burden, will deny the motion despite the nonmovant's failure to respond. If, however, the movant's presentation is adequate to satisfy its initial burden, the Court will not deny the motion based on arguments the nonmovant could have made but by silence elected not to raise.

*Id.* (alterations incorporated) (quoting *Branch Banking and Trust Co. v. Howard,* No. 12-0175, 2013 WL 172903, *1 (S.D .Ala. *entered* Jan. 16, 2013)).

## III.  FACTS

The plaintiff and his late wife, Patsy O. Lawson, entered into a group accidental death and dismemberment insurance contract (the "Policy") with Federal Insurance Company. (Doc. 17 at 1-2). The Amended Complaint alleges an unidentified agent led the plaintiff to believe the Policy was the "best" Federal offered and that Federal would cover and promptly pay benefits for any accidental death. (*Id.* at 2). The Policy was in effect when Mrs. Lawson passed away on May 19, 2015. (*Id.*). The Amended Complaint describes Affinion Benefits Group, LLC, ("Affinion") as the company that holds and administers the Policy; it describes Broadspire as the company which processes claims on behalf of Federal and Affinion. (*Id.* at 1).

The plaintiff made a timely claim under the Policy; the claim sought the Policy's face value on Mrs. Lawson's life and the 60% spousal loss benefit. (Doc. 17 at 2). The defendants initially denied the claim via a January 14, 2016 letter and have continually refused to pay the plaintiff's claim. (*Id.*). Somewhat more specifically, the Amended Complaint alleges the plaintiff's claim was denied on the basis of a "questionable prescription drug exclusion." (*Id.* at 3; *see id.* at 4). The plaintiff contends Federal and Affinion failed to investigate the claim and thus did not discover Mrs. Lawson had been "taking her medication as prescribed" prior to her death. (*Id.* at 3). The Amended Complaint also notes Mrs. Lawson was covered by two other accidental death policies issued by different insurers; although those policies included exclusions similar to those in the Federal Policy, the plaintiff received the benefits from the other policies. (*Id.* at 2). Finally, the plaintiff contends the defendants concealed important facts about the claims process and used the process to unjustly deny the plaintiff's claim. (*Id.* at 4-5).

On these facts, the Amended Complaint asserts against the defendants claims for breach of contract, bad faith, fraud, and conspiracy to commit fraud, as well as willful, wanton, and negligent claim handling. (*Id.* at 2-5).

## IV.  DISCUSSION

Before discussing the plaintiff's individual claims, it must be noted that the motion to dismiss relies on documentary evidence not attached to the complaint,

including: (1) the Policy; (2) the plaintiff's claim for benefits; (3) letters from the plaintiff's counsel in support of the claim; and (4) letters from Federal denying coverage and responding to correspondence from the plaintiff's counsel. (Doc. 7-1).[2] Generally, when a court considers matters outside the pleadings, a motion to dismiss is converted to a motion for summary judgment. *See* FED. R. CIV. P. 12(d). However, a court may consider evidence outside the pleadings on a motion to dismiss if the complaint effectively incorporates the extrinsic evidence by reference. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002); *see Allen v. USAA Cas. Ins. Co.*, 790 F.3d 1274, 1278 (11th Cir. 2015). A court may consider a document incorporated by reference where "it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010).

Here, the court can consider the documents offered in support of the motion to dismiss because the Amended Complaint incorporates them by reference. The Amended Complaint includes allegations referring or alluding to each of the extrinsic documents attached to the motion to dismiss. These documents are central to the claims asserted, and the plaintiff has not challenged their authenticity. Moreover, courts located within this circuit—including courts sitting in this district—have considered similar documents at the motion to dismiss stage.

_____

[2] These documents accompanied the defendants' first motion to dismiss and appear on the record in conjunction with the earlier motion. (Doc. 7-1).

*Frontier Nat'l Corp. v. St. Paul Mercury Ins. Co.*, No. 13-0520-SLB, 2015 WL 12747660, *1, *2, *6 (N.D. Ala. *entered* Mar. 23, 2015) (proof of loss form); *Toeffel v. Nationwide Mut. Ins. Co.*, No. 15-1669-KOB, 2016 WL 4271837, *2, *7 (N.D. Ala. *entered* Aug. 15, 2016) (insurer's denial of coverage); *Spivey v. Am. Cas. Co.*, 128 F. Supp. 3d 1281, 1284 (S.D. Ga. 2015) (insurance contract); *Wasden v. Citizens Commc'ns*, No. 13-0002, 2014 WL 1410428, *4 (S.D. Ala. *entered* April 11, 2014) (correspondence between insured and insurer).

As an additional preliminary matter, the claims asserted in the Amended Complaint are governed by Alabama law. While the Policy includes a choice of law provision which would call for application of New Hampshire law in this case, a federal court sitting in diversity applies the choice of law rules of the forum state. (Doc. 7-1 at 40; *see* Doc. 23 at 8, n.2); *see Reece v. Intuitive Surgical, Inc.*, 63 F. Supp. 3d 1337, 1339 (N.D. Ala. 2014). Alabama law applies to all insurance contracts arising from applications submitted from within the state. ALA. CODE § 27-14-22. Thus, the location of the application for insurance governs and overrides any contrary choice of law provisions included in a policy. *Smith v. Penn Mut. Life Ins. Co.*, 14 So. 2d 690, 692 (Ala. 1943); *Harrison v. Ins. Co. of N. Am.*, 318 So. 2d 253, 257 (Ala. 1973). Here, the plaintiff and Mrs. Lawson were in Alabama when they submitted their application for the Policy. (Doc. 7-1 at 60-61). Accordingly, Alabama law governs.

## A.    Breach of Contract and Bad Faith

The plaintiff asserts claims for breach of contract (Count 1) and bad faith (Count 2) against each of the defendants.  The Amended Complaint alleges the parties to the Policy were: (1) the plaintiff and Mrs. Lawson; (2) Federal; and (3) Affinion as administrator.  (Doc. 17 at 2-3).  As to Broadspire, the Amended Complaint alleges it was the entity that denied the insurance claim on the basis of a "questionable prescription drug exclusion." (*Id.* at 3).

Under Alabama law, only a party to an insurance contract can be liable for its breach.  *See Lignon Furniture Co. v. O.M. Hughes Ins., Inc.,* 551 So. 2d 283, 285 (Ala. 1989).  The same is true regarding bad faith claims.  *Id.*; *Brown v. State Farm Fire & Cas. Co.*, No. 16-1390-VEH, 2017 WL 492992, *10 (N.D. Ala. entered Feb. 7, 2017).  Review of the Policy reveals neither Affinion nor Broadspire are parties to the contract.  (*E.g.* Doc. 7-1 at 3, 5, 15, 25, 34).  Accordingly, the Amended Complaint fails to state a plausible claim for breach of contract or bad faith against Affinion or Broadspire.  Further discussion of these claims is limited to their application against Federal.

The plaintiff's claim for benefits reported Mrs. Lawson died as a result of an "accidental drug overdose" or "combined drug overdose."  (Doc. 7-1 at 56-57).  Federal also received: (1) a toxicological analysis report from the Alabama Department of Forensic Sciences showing Mrs. Lawson's blood samples were

positive for Alprazolam and Hydrocodone (*id.* at 58); and (2) a death certificate listing a combined drug overdose as the cause of Mrs. Lawson's death, which it described as accidental (*id.* at 63). Correspondence between the plaintiff and Federal ensued, during which the plaintiff submitted additional documents— including evidence that Mrs. Lawson was prescribed Alprazolam and Hydrocodone. In the end, Federal maintained its position and denied the plaintiff's claim under the Policy.

The brief in support of the motion to dismiss contends the plaintiff cannot state a claim for breach of contract against Federal because Mrs. Lawson's death was not covered under the Policy. (Doc. 23 at 10-18). The Policy covered accidental death and defined an "accident" as:

> a sudden, unforeseen, and unexpected event which: 1) happens by chance; 2) is independent of illness, disease or other bodily malfunction or medical or surgical treatment thereof; 3) occurs while the Insured Person is insured under this policy which is in force; and 4) is the direct cause of loss.

(Doc. 7-1 at 24). Specifically, Federal asserts that, because Mrs. Lawson overdosed on medications prescribed by physicians to treat medical conditions, her death was not independent of medical treatment. (Doc. 23 at 8-18). Accordingly, Federal contends Mrs. Lawson's death was not accidental under the terms of the Policy and did not trigger an obligation to pay a death benefit. (*Id.* at 12).

Because the Policy does not define certain terms, Federal applies the common meaning to the terms "medical treatment," "illness," "disease," and "bodily malfunction." (Doc. 23 at 13) (citing *Ala. Farm Bureau Mut. Cas. Ins. Co. v. Goodman*, 188 So. 2d 268, 270 (Ala. 1966)).[3] Federal also points to court decisions holding: (1) taking prescription medication constitutes "medical treatment" for purposes of determining coverage under an accidental death policy; and (2) anxiety and pain constitute illnesses and/or diseases. (Doc. 23 at 14-15) (citing, *e.g.*, *Bruce-Thomas v. Hartford Life & Acc. Ins. Co.*, No. 14-1194, 2015 WL 736350, *3 (S.D. Fla. Feb. 20, 2015); *Bolin v. Hartford Life & Acc. Ins. Co.*, 28 F. Supp. 3d 915 (D. Minn. 2014)).

Federal notes the plaintiff submitted documents showing Mrs. Lawson was prescribed Hydrocodone for pain and was prescribed Alprazolam, which is used to treat anxiety. (Doc. 23 at 15). The documents also included: (1) toxicology reports showing Hydrocodone and Alprazolam were the only drugs in Mrs. Lawson's system; and (2) the claim form and death certificate stating Mrs. Lawson died of a combined drug overdose. (*Id.*). Accordingly, Federal contends Ms. Lawson's death was not an accident covered under the Policy, citing to numerous cases—including several from courts located within the Eleventh Circuit—holding

---

[3] To determine the common meaning of these Policy terms, Frontier relies on the definitions in *Webster's New Collegiate Dictionary*, as allowed by Alabama law. (Doc. 23 at 13) (citing *Safeway Ins. Co. v. Herrera*, 912 So. 2d 1140, 1143-44 (Ala. 2005)).

overdoses of prescribed medication were the product of medical treatment and thus did not constitute accidental deaths covered by life insurance policies. (*Id.* at 15-17). As Federal would have it, because Mrs. Lawson's death was caused by her medical treatment, Federal's denial of the plaintiff's claim cannot sustain a claim for breach of contract. (*Id.* at 18).

Federal has satisfied its initial burden of showing the plaintiff's failure to state a claim for breach of contract. Under the standard governing due to the plaintiff's failure to respond, Federal's motion to dismiss the claim for breach of contract is due to be granted. *See Gadson*, 2013 WL 5230241, at *2. This conclusion is also fatal to the claim for bad faith, which requires a plaintiff to show breach of an insurance contract. *State Farm Fire and Cas. Co. v. Brechbill*, 144 So. 3d 248, 258 (Ala. 2013). Accordingly, the plaintiff cannot state a claim for bad faith.

For the foregoing reasons, the plaintiff's claims for breach of contract and bad faith are due to be dismissed in their entirety.

### B. <u>Willful, Wanton, and Negligent Claim Handling</u>

The Amended Complaint asserts claims for negligent (Count 6), willful, and wanton (Count 5) claim handling. (Doc. 17 at 5). Under Alabama law, claims concerning the handling of insurance claims sound in bad faith. The Alabama Supreme Court "has consistently refused to recognize a cause of action for the

negligent handling of insurance claims, and it will not recognize a cause of action for alleged wanton handling of insurance claims." *Kervin v. S. Guar. Ins. Co.,* 667 So. 2d 704, 706 (Ala. 1995); *see Oliver v. MONY Life Ins. Co.*, No. 15-0905-AKK, 2016 WL 7384842, *8 (N.D. Ala. Dec. 21, 2016). Accordingly, these claims are due to be dismissed for failure to state a claim.

### C.    Fraud and Conspiracy to Commit Fraud

The Amended Complaint asserts claims for fraud (Count 3) and conspiracy to commit fraud (Count 4). (Doc. 17 at 4-5). The fraud claim alleges the "defendants willfully and recklessly misrepresented to the plaintiff that any accidental loss of life would be covered under the policies, and intended for the plaintiff to rely upon the misrepresentations; *to which the plaintiff did rely to his detriment*." (*Id.* at 5). The Amended Complaint further alleges the defendants knew exclusions would limit the plaintiff's ability to make a successful claim under the Policy, unjustly enriching the defendants by way of premium payments. (*Id.*).

Rule 9(b) of the *Federal Rules of Civil Procedure* requires a plaintiff to "state with particularity the circumstances constituting fraud." A plaintiff claiming fraud must allege:

> (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the plaintiff; and (4) what the defendant gained by the alleged fraud.

*Feldman v. Am. Dawn, Inc.,* 849 F.3d 1333, 1340 (11th Cir. 2017) (alterations incorporated). Additionally, where fraud is asserted against multiple defendants, Rule 9(b) requires a complaint to alert each individual defendant to the nature of their alleged fraudulent conduct. *Transatlantic, LLC v. Humana, Inc.,* 666 F. App'x 788, 789 (11th Cir. 2016); *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.,* 287 F. App'x 81, 86 (11th Cir. 2009).

Here, the fraud claim fails to satisfy Rule 9(b)'s heightened pleading standard. The only allegation regarding any fraudulent conduct is that an unknown agent at some point told the plaintiff the Policy was the "best" Federal offered which would cover any accidental death and promptly pay claims. (Doc. 17 at 2). Likewise, the fraud claim is aimed at the defendants collectively. (*Id.* at 4). The Amended Complaint does not ascribe any fraudulent actions to any individual defendants. For the foregoing reasons, the claim for fraud is due to be dismissed under Rule 9(b).

The claim for conspiracy to commit fraud suffers from the same deficiencies. *See Kingdom Ins. Grp., LLC v. Cutler and Assocs., Inc.*, No. 10-0085, 2011 WL 2144791, *3, *6 (M.D. Ga. May 31, 2011) (claim for conspiracy to commit fraud is subject to the heightened pleading standard of Rule 9(b)). Moreover, without an underlying tort, a claim for conspiracy cannot survive. *See*

*Willis v. Parker*, 814 So. 2d 857, 867 (Ala. 2001). Accordingly, the claim for conspiracy to commit fraud is due to be dismissed for failure to state a claim.

## V.      CONCLUSION

For all of the foregoing reasons, the defendants' motion to dismiss (Doc. 22) is due to be granted, and all claims asserted in the Amended Complaint are due to be dismissed for failure to state a claim on which relief can be granted. A separate order will be entered.

**DONE** this 26th day of November, 2018.

STACI  G. CORNELIUS
U.S. MAGISTRATE JUDGE